**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT | * | |
| 1250 Connecticut Avenue, NW | * | |
| Suite 200 | * | |
| Washington, D.C.  20036 | * | |
| | * | |
| and | * | |
| | * | |
| BRAD HEATH | * | |
| Gannett Satellite Information Network, LLC | * | |
| d/b/a USA TODAY | * | |
| 7950 Jones Branch Drive | * | |
| McLean, Virginia 22102 | * | |
| | * | |
| Plaintiffs, | * | Civil Action No. 17-597 |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| 950 Pennsylvania Avenue, NW | * | |
| Washington, D.C. 20530-0001 | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>,

<u>as amended</u>, seeking production of records responsive to a request submitted by the plaintiffs

The James Madison Project and Brad Heath to the defendant Department of Justice (as well as its

subordinate entity).

**JURISDICTION**

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction

over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4.   Plaintiff Brad Heath ("Heath") is an Investigative Reporter for USA TODAY, writing primarily about law and criminal justice, and is a representative of the news media.

5.   Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

## FACTUAL BACKGROUND

6.   This lawsuit is brought under the Freedom of Information Act ("FOIA") and seeks the production to the American public of information resolving whether there was an order issued by the Foreign Intelligence Surveillance Court ("FISC") authorizing surveillance of and/or collection of information implicating President Donald J. Trump ("President Trump"), as well as his campaign and transition team.

7.   On March 4, 2017, President Trump sent out a four-part post on Twitter accusing former President Barack Obama's Administration of a "Nixon/Watergate" effort to "tap" the phones of President Trump and/or his associates during the 2016 presidential campaign. President Trump suggested the surveillance was unlawful. *https://www.washingtonpost.com /politics/trump-*

*accuses-obama-of-nixonwatergate-wiretap--but-offers-no-evidence/2017 /03/04/1ddc35e6-0114-11e7-8ebe-6e0dbe4f2bca_story.html?hpid=hp_hp-top-table-main_ trumpwiretap-8pm%3A homepage%2Fstory&tid=a_inl&utm_term=.23f02d72f083* (last accessed March 6, 2017).

8.   President Trump's accusations have prompted a series of additional disclosures about intelligence matters related to the 2016 election. The Chairman of the House Permanent Select Committee on Intelligence, Devin Nunes ("Chairman Nunes"), specifically disclosed the existence of surveillance authorized under FISA. *https://www.washingtonpost.com /powerpost/house-intelligence-chair-says-its-possible-trumps-communications-were-intercepted/2017/03/22/f45e18ba-0f2d-11e7-9b0d-d27c98455440_story.html?utm_term =.677004ae4431* (last accessed April 3, 2017). Beyond that, FBI Director James Comey has testified that the government's investigation of possible Russian meddling in the 2016 election includes an examination of "any attempts to coordinate" with President Trump's campaign. *https://www.yahoo.com/news/fbi-director-james-comeys-big-133850143.html* (last accessed March 20, 2017); *http://www.usatoday.com/story/news/politics/2017/03/20/james-comey-trump-wiretapping-house-intelligence-committee/99382304/* (last accessed March 20, 2017). To the extent the veracity of the President's allegations has been challenged – Chairman Nunes, for example, has stated that there was never any "physical wiretap" of Trump Tower. *https://www.yahoo.com/news/house-intelligence-chief-says-no-031221432.html* (last accessed March 20, 2017) – it has only deepened the public's interest in establishing their truth or falsity.

9.   President Trump has called upon Congress to investigate the matter, and has declined to retract his claim. *http://www.cnbc.com/2017/03/05/trump-administration-calls-for-probe-whether-obama-abused-investigative-authority.html* (last accessed March 15, 2017). Press Secretary Sean Spicer has sought to clarify President Trump's tweets by suggesting that the

comments were referencing surveillance in general. *http://abcnews.go.com/Politics/spicer-trump-talking-general-surveillance-wiretapping-tweets/story?id=46101282* (last accessed March 20, 2017). President Trump, however, has continued to publicly suggest he was the target of "wiretapping" ordered by the prior administration. *http://www.cnn.com/2017/03/17/politics/donald-trump-angela-merkel/* (last accessed April 3, 2017).

10. Chairman Nunes has publicly stated that a "source" within the intelligence community showed him "dozens" of reports that allegedly reflect incidentally collected communications between members of President Trump's transition team and foreign targets. Chairman Nunes further stated that the information was based on a FISA warrant. President Trump, in response to those disclosures by Chairman Nunes, stated that he felt that meant his original comments were right. *http://www.foxnews.com/politics/2017/03/23/trump-basks-in-nunes-surveillance-news-so-that-means-im-right.html* (last accessed April 3, 2017). Later media reports indicated that Chairman Nunes received this information from two White House officials with whom he met on the White House grounds so that he could have access to specific classified systems on which the information resided. *http://www.thedailybeast.com /articles/2017/03/30/things-go-from-bad-to-worse-for-devin-nunes-and-team-trump.html* (last accessed April 3, 2017). Press Secretary Sean Spicer has confirmed that Chairman Nunes reviewed the classified information on the White House grounds. *http://www.msn.com/en-ca/news/politics/trump%E2%80%99s-white-house-struggles-to-get-out-from-under-russia-controversy/ar-BBz8CPn* (last accessed April 3, 2017).

11. The comments of President Trump and Press Secretary Sean Spicer constitute prior official disclosure of the existence of surveillance orders issued by the FISC and that authorized collection of information that, at a minimum, incidentally implicated President Trump and/or his

associates. This lawsuit ultimately will seek to determine the circumstances in which specific

surveillance/collection orders were issued by the FISC.

## COUNT ONE (FBI)

12. The plaintiffs JMP and Heath (referred to jointly as "the Requesters") repeat and

reallege paragraphs 6 through 10 above, inclusive.

13. By letter dated March 6, 2017, the Requesters submitted to the FBI a FOIA request.

14. The FOIA request specifically sought the following records:

   1) A copy of any order(s) by the Foreign Intelligence Surveillance Court
      ("FISC") authorizing surveillance of and/or collection of information
      concerning the Trump Organization, President Trump, President Trump's
      campaign for the presidency, or people associated with President Trump;

   2) A complete copy of any application(s) to the FISC seeking authorization
      for surveillance of and/or collection of information concerning the Trump
      Organization, President Trump, President Trump's campaign for the
      presidency, or people associated with President Trump; and

   3) A copy of any minimization procedures issued by the FISC and that
      applied to any order(s) issued that fall within the scope of categories #1 or
      2.

15. The Requesters noted that the scope of the search should be construed to include all

types of applications for "orders" or "warrants" regarding which the FISC is authorized to issue,

including but not limited to, an order authorizing surveillance of an "agent of a foreign power"

or an order authorizing the collection of "business records" through Section 215 of the USA

Patriot Act. The Requesters stated that the FBI could limit the timeframe of its search from

June 1, 2016, up until the date of acceptance of the request.

16. The Requesters pre-emptively asserted that President Trump's public comments

constitute prior official disclosure of the existence of at least one, if not more, FISA warrants.

The Requesters argued that as a result they would dispute any legal claim justifying a refusal to

confirm or deny the existence or non-existence of responsive records, as well as any legal claim justifying withholdings or redactions based exclusively upon Exemption 1, as implicating classified information. The FOIA request also explained that the Requesters were seeking expedited processing.

17. By letter dated March 20, 2017, the FBI granted expedited processing. The FBI designated the request as Request No. 1368992-000.

18. To date, no substantive response has been received by the Requesters from the FBI. The Requesters have constructively exhausted all required administrative remedies.

19. The Requesters have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by the FBI of said right.

WHEREFORE, plaintiffs The James Madison Project and Brad Heath pray that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   April 4, 2017

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W., Ste. 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs