**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-597 (APM) |
| DEPARTMENT OF JUSTICE, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO THE COURT'S JANUARY 5, 2018, ORDER

The plaintiffs, The James Madison Project and Brad Heath (referred to jointly as the "Plaintiffs"), hereby submit their response to this Court's Minute Order, issued January 5, 2018, concerning the Memorandum Opinion issued on January 4, 2018, by this Court in The James Madison Project, et al. v. Dep't of Justice, et al., 2018 U.S. Dist. LEXIS 1674 (D.D.C. Jan. 4, 2018)("JMP I"). The Plaintiffs appreciate this Court's generosity in permitting the submission of a supplemental response to address the relevance of the JMP I ruling with respect to the official acknowledgment doctrine.

Given the different factual and legal circumstances at play in the present case, the Plaintiffs have no need or desire to attempt to re-litigate the legal conclusions this Court reached mere days ago in its January 4, 2018, Memorandum Opinion. Rather, even applying for the moment (without conceding the appropriateness of) the legal standard set forth in JMP I, the Plaintiffs respectfully submit this Court nonetheless should still, at a minimum, deny summary judgment for the defendant agency Department of Justice ("DOJ").

The contours of the present case are distinguishable from those of JMP I in two nuanced yet material ways.

First, this Court concluded in JMP I that the relevant official statements by President Donald J. Trump ("President Trump") did not "incontrovertibly give rise to the inference that such records must exist", noting that the President's statements could be based upon his own personal knowledge or might simply be "political statements". JMP I, 2018 U.S. Dist. LEXIS 1674, *51-*52 (D.D.C. Jan. 4, 2018). In the present case, however, the Plaintiffs can and have identified official statements by President Trump that specifically demonstrate the existence of the very records the DOJ is refusing to confirm or deny exist. President Trump specifically identified an application for "wire tapping" that had been "turned down by court earlier", and noted that the Obama Administration had engaged in surveillance against him in October 2016.[1] Then-White House Press Secretary Sean Spicer subsequently provided contextual explanations for President Trump's initial remarks, substantively and concretely relying upon otherwise-unofficial information outlined in media reports to serve as factual justification for President Trump's assertions. See Dkt. #17 at 6-12 (filed August 18, 2017).

Both President Trump and DOJ have made additional relevant and material official disclosures since briefing concluded in the present case. President Trump issued a tweet ordering DOJ and the Federal Bureau of Investigation to release to Congress "key documents and an FBI witness which could *shed light on surveillance of associates of Donald Trump*." Dkt. #26 at 1 (filed November 29, 2017)(emphasis added). The DOJ, for

---

[1] It is axiomatic that if the President's official statements are accurate there would be documentation memorializing the very FISA warrant applications and orders sought by the Plaintiffs, as such documentation is required under the FISA. See 50 U.S.C. § 1804.

its part, officially disclosed that its searches conducted in a separate FOIA case had not located any FISA applications concerning President Trump himself. Dkt. #27 at 1-2 (filed December 18, 2017).[2]

Second, the context of President Trump's official disclosures in the present case implicate a legal question that this Court did not have occasion to address in JMP I. Unlike in JMP I, where the factual record was unclear with respect to whether President Trump was relying upon government information when he made his official disclosures (as opposed to media reports or even personal knowledge), in the present case President Trump appears to have been exclusively relying upon otherwise-unofficial information in media reports as the factual justification for his official disclosures. There is no need for the Court to concern itself with the debate over the applicability of "presumption of regularity" here; the Plaintiffs are assuming without conceding that

---

[2] In recent days, President Trump and White House Press Secretary Sarah Huckabee-Sanders have made *additional* official disclosures of relevant and material information, both of which we ask this Court to incorporate into the record. President Trump tweeted the following:

> "House votes on controversial FISA Act today." This is the act that may have been used, with the help of the discredited and phony Dossier, to so badly surveil and abuse the Trump Campaign by the previous administration and others?

*https://twitter.com/realDonaldTrump/status/951431836030459905* (last accessed January 12, 2018).

Mrs. Sanders subsequently stated the following during a press briefing in response to a question about what the President meant by the idea that his campaign had been surveilled:

> "Look, I think this is something we've talked about many times before. There are a lot of things that indicate that there was surveillance at Trump Tower."

*https://www.whitehouse.gov/briefings-statements/press-briefing-by-press-secretary-sarah-sanders01122018/* (last accessed January 12, 2018).

President Trump's official statements in the present case are not relying upon government information.

This admission, however, raises the untested legal question outlined by the Plaintiffs in their pleadings, see Dkt. #17 at 6-12 (filed August 18, 2017); Dkt. #23 at 3-6 (filed September 29, 2017), namely to what extent unofficial information can be deemed "officially acknowledged" when an authorized Government official substantively and concretely relies upon it as the factual foundation for official statements. Unlike the factual scenarios the courts have previously had to address, see Dkt. #23 at 5-6 (filed September 29, 2017), the present case implicates circumstances in which the authorized Government official (President Trump) voluntarily chose to make unprompted official statements relying substantively and concretely upon otherwise-unofficial information. The Plaintiffs reaffirm their legal position that in this limited and narrow circumstance the actions by President Trump have officially acknowledged the unofficial information he specifically relied upon from media reports, such as the fact there was at least one (if not two) FISA applications submitted by the Obama Administration, that the first one was denied in June 2016, and that the second one was approved in October 2016. See Dkt. #17 at 12 (filed August 18, 2017).

To adhere to DOJ's position and cavalierly dismiss those official statements would, with all due respect, reduce the President to little more than a carnival barker. When the President makes official statements such as those cited to in the factual record, particularly comments regarding actions he is saying were undertaken by the very Executive Branch agencies over which he now presides, the assertions he is making carry with them the prestige and institutional trappings of the Office of the President itself.

Those official statements are presumably meant to be viewed by the American public as credible and legitimate, not mere political commentary, and should not be ignored so lightly.

At a minimum, the Plaintiffs respectfully continue to submit that there is at least a genuine issue of material fact in dispute that precludes granting summary judgment to DOJ. President Trump has made official disclosures in which he claims that there are records that exist that would be responsive to the Plaintiffs' FOIA requests. DOJ has separately stated in another FOIA action that responsive records do *not* exist with respect to at least one aspect of the Plaintiffs' FOIA requests. Resolution of these material factual discrepancies is necessary.

Date: January 17, 2018

                      Respectfully submitted,

                      /s/
                    _____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs