**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, et al., ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-597-APM |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
|   Defendant. ) | |
| ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**

By Order dated January 5, 2018, the Court invited the parties "to supplement their briefing in this case to take account of the court's [recent] decision in *James Madison Project v. DOJ*, 17-cv-144, and apply it to the facts of this case." In *James Madison Project*, the plaintiff submitted a Freedom of Information Act ("FOIA") request to several agencies, seeking information related to a dossier about President Trump circulating in the media. 2018 WL 294530 (D.D.C. January 4, 2018). Responding agencies largely refused to confirm or deny having records related to the dossier or a synopsis thereof. As in this case, the only question before the Court was whether the agencies had officially acknowledged the existence or nonexistence of responsive documents. In defining the standard for official acknowledgment, the Court rejected the plaintiff's interpretation of the D.C. Circuit opinion in *ACLU v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013). The Court held that *ACLU* did not change the standard for official acknowledgement in this Circuit and that Plaintiffs could not substitute the "logical nor plausible standard" for "the specificity" requirement of *Fitzgibbon* and other D.C. Circuit cases. 2018 WL 294530, at *6. The Court further held that the standard for specificity could be met (1)

by an explicit reference to responsive records in an official statement, or (2) by an "inescapable inference" that leaves no doubt that the records in fact exist. *Id.*

The Court went on to analyze various public statements, including tweets from the President, and applying the strict standards routinely applied in this Circuit, found that none of those statements officially acknowledged the existence or nonexistence of responsive records. *Id.* at 11-16. They did not specifically reference the withheld information nor lead to an inescapable inference that such documents exist. *Id.* Also relevant to the instant case, in analyzing the President's tweets, the Court found that they were official statements of the President, *id.* at 7, and also noted that "none of the tweets inescapably lead to the inference that the President's statements about the Dossier are rooted in information he received from the law enforcement and intelligence communities," *id.* at 14. Furthermore, the Court noted that the tweets appeared to reference ongoing media stories. *Id.* at 15-16 ("it does not follow that just because a tweet is an 'official' statement of the President that its substance is necessarily grounded in information contained in government records."). Given the lack of specificity of the tweets and other alleged disclosures as to the existence of responsive records, the Court found that they did not confirm or deny the existence of responsive records about the dossier or synopsis. The Court also rejected the plaintiffs' efforts to shoehorn unofficial statements into the official acknowledgement standard. *Id.* at 10 ("[S]tatements from a non-authoritative source cannot possibly bolster or undermine statements from an authoritative source. The official statement must stand on its own—it either rises to the level of a public acknowledgment or it does not.").

As applied to the instant case, then, the Court's analysis confirms the conclusion that there has been no official acknowledgement of the existence or nonexistence of responsive FISA

applications, warrants or orders related to the Trump campaign during the campaign. Not a single one of the cited statements rises to the required level of specificity to waive a Glomar response. The statements by the President and the then-Press Secretary that refer to news reports, *see e.g.*, Pls.' MSJ at 5-12, are subject to precisely the same analysis as the statements rejected by the Court in *James Madison Project*, 2018 WL 294530, *13-*16. And the Court specifically rejected the effort to shoe horn unofficial statements or media reporting into an official disclosure. *Compare* Pls.' Reply at 8-10 *with* 2018 WL 294530, *9-*11.

Nothing in Plaintiffs' "notices of supplemental authority" changes this outcome. *See* ECF Nos. 25, 26, 27. In the first of these notices, Plaintiffs cite a November 2, 2017 radio interview in which the President did not confirm or deny the existence of FISA materials. In fact, he seems to have denied having any personal knowledge of allegations related to FISA warrants, stating that "As President, you're not supposed to become involved with like Justice or the FBI." ECF No. 25.

In the second notice, Plaintiffs quote a November 29, 2017 tweet from the President's twitter account: "The House of Representatives seeks contempt citations(?) against the JusticeDepartment and the FBI for withholding key documents and an FBI witness which could shed light on surveillance of associates of Donald Trump. Big stuff. Deep State. Give this information NOW! @foxnews." ECF No. 26. This is in fact one of the tweets relied upon by Plaintiffs in *James Madison Project*, and the Court rejected it as an official disclosure related to the dossier, in part because it seemed to rely on ongoing news reports. 2018 WL 294530, at *14 -*15. In the present case, there is no reason to speculate about what the President knew or how. The tweet simply does not reference FISA and does not state definitively that any such surveillance occurred.

3

Finally, the Plaintiffs' third notice attaches and relies upon Government filings in other cases, including *Gizmodo Media Group, LLC, v. DOJ*, Civ. No. 17-3566 (S.D.N.Y.) in which the Government acknowledges that there are no FISA records specifically related to the President's tweets. *See* ECF No. 27. Plaintiff argues that this is a "broader" denial than previously made by the Government. In fact it is not. This acknowledgement is consistent with the public statements of then-FBI Director James Comey, explicitly referenced in the Government's opening brief: Director Comey stated that DOJ and FBI had "no information" that supported the President's tweets. *See* ECF No. 13, at 20. And it is consistent with the declarations and findings referenced in the Government's reply brief to the same effect. *See* ECF No. 21, at 3. Presumably, "no information" also encompasses "no FISA information"; so it is certainly not true, as Plaintiffs contend, that the newest declaration is "broader" than the previous statements on this subject. And, as previously explained, this denial that a subset of the requested records exists does not waive a Glomar as to the broader request. Plaintiffs have sought FISA applications and orders related to a larger group of individuals in a larger timeframe. The denial that responsive records would exist as to one of those individuals at a particular location in a smaller timeframe does not confirm or deny whether there are any responsive records as to the broader request. *See, e.g.*, *James Madison Project*, 2018 WL 294530, at *5. ("Ultimately, then, to overcome an agency's Glomar response when relying on an official acknowledgement, 'the requesting plaintiff must pinpoint an agency record that both matches the plaintiff's request and has been publicly and officially acknowledged by the agency.'"). The "disclosure" does not "match" the information requested here.[1]

---

[1] To the extent the Court disagreed, Defendants could easily "cure" any alleged deficiency by submitting a declaration in this matter conforming to the supplemental declaration in *Gizmodo* – that there are no responsive records relating to President's tweets but that Defendants cannot otherwise confirm or deny the existence of responsive records.

For the foregoing reasons, the Court should grant Defendant's motion for summary judgment.

Dated:  January 17, 2018                           Respectfully Submitted,

                                                   CHAD READLER
                                                   Acting Assistant Attorney General

                                                   MARCIA BERMAN
                                                   Assistant Director, Federal Programs Branch

                                                   */s/Amy E. Powell*
                                                   AMY E. POWELL
                                                   Trial Attorney, Federal Programs Branch
                                                   Civil Division, Department of Justice
                                                   310 New Bern Avenue, Suite 800
                                                   Federal Building
                                                   Raleigh, NC 27601-1461
                                                   Phone: 919-856-4013
                                                   Email:  amy.powell@usdoj.gov