**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-597 (APM) |
| DEPARTMENT OF JUSTICE | * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO COURT ORDER**

The Plaintiffs, The James Madison Project and Brad Heath ("Plaintiffs"), hereby submit their response to the defendant Department of Justice's Response to Order. See Dkt. #32 (filed February 14, 2018).

The Plaintiffs believe the defendant Department of Justice ("DOJ") took the proper course of action in withdrawing their Glomar response at least in part and appreciate DOJ's willingness to avoid unproductive supplemental briefing on the subject. The Plaintiffs are further cognizant of the need for DOJ to determine (both in consultation with other federal agency stakeholders and in coordination with the undersigned) the agreed-upon scope of the official disclosures and a timeframe for processing and possibly releasing (whether in whole or in part) responsive records. The Plaintiffs have no objection to this Court dismissing without prejudice the pending dispositive motions and affording the parties 30 calendar days to confer and discuss those issues.

The Plaintiffs do wish, however, to ensure that this matter proceeds in an expeditious fashion, particularly given the obvious public interest in the information contained within the records sought by the Plaintiffs. The Plaintiffs do not believe that identifying and compiling responsive records should require more than 30 calendar days in light of the Government's past production of some (if not all) of the same information to Congressional committees (such as the House Permanent Select Committee on Intelligence) that have been conducting oversight of related issues involving the Trump campaign.

Furthermore, the Plaintiffs request that this Court convene a status conference at the end of the 30-calendar day timeframe, and that this Court require the presence of Government officials with substantive decision-making authority at that status conference. The Plaintiffs are concerned about the possibility of additional fragmented and *ad hoc* declassification determinations by the Executive Branch (and particularly by the President) unnecessarily interrupting the ordinary course of this litigation.

The move to publish the Nunes Memo, and the President's decision to declassify and officially acknowledge the existence of the information contained within the Nunes Memo, was virtually (if not actually) unprecedented. A separate "counter-memo" (known as the "Schiff Memo") was approved by the HPSCI for publication but rejected by the White House due to national security concerns. *http://www.cnn.com/2018/02/09/politics/democratic-memo-trump-wont-declassify/index.html* (last accessed February 15, 2018). The Schiff Memo is currently being revised in light of those concerns. *www.foxnews.com/politics/2018/02/13/schiff-confident-democratic-memo-dispute-can-be-worked-out.html* (last accessed February 15, 2018). *The New York Times*

has submitted a motion directly to the Foreign Intelligence Surveillance Court seeking to unseal and secure the production (whether in whole or in part) of the warrant application and orders concerning Carter Page. *www.washingtonexaminer.com/new-york-times-asks-fisa-court-to-unseal-carter-page-warrant-application/article/2648144* (last accessed February 15, 2018).

   The Plaintiffs respectfully submit that the present situation requires a comprehensive approach that will resolve the universe of potential declassification determinations and avoid future interruptions. The Plaintiffs request that at the status conference this Court provide the Government with guidelines and/or instructions for a process by which a comprehensive classification determination can be made with respect to the universe of records that are potentially responsive to the Plaintiffs' FOIA requests. To do otherwise would render it possible that this litigation will continue to be disrupted each and every time a political memorandum is drafted and submitted to the President for possible declassification, thereby requiring the briefing process to start anew.

Date: February 16, 2018

                                          Respectfully submitted,

                                               /s/
                                          _____
                                          Bradley P. Moss, Esq.
                                          D.C. Bar #975905
                                          Mark S. Zaid, Esq.
                                          D.C. Bar #440532
                                          Mark S. Zaid, P.C.
                                          1250 Connecticut Avenue, N.W.
                                          Suite 200
                                          Washington, D.C.  20036
                                          Brad@MarkZaid.com
                                          Mark@MarkZaid.com

                                          Attorneys for the Plaintiffs