## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES MADISON PROJECT, et al.,    )
    )
  Plaintiffs,    )
    )
v.    )
    )    Case No. 17-597-APM
UNITED STATES DEPARTMENT OF JUSTICE,  )
    )
  Defendant.    )
    )

### JOINT STATUS REPORT

By Minute Order dated May 21, 2018, the Court instructed that by July 24, 2018, the parties should file a joint status report, "updating the court on the status of processing and production and, if necessary, proposing a summary judgment briefing schedule." Counsel for the parties have conferred and hereby report to the Court.

**<u>Defendant's Position</u>**

As explained in the Defendants February 14, 2018 filing, the declassification of the Nunes Memorandum, and the subsequent release of the Schiff Memorandum, required DOJ and FBI to carefully review FISA materials related to Carter Page to determine what information contained in them has been declassified and whether any such declassified information could be released to Plaintiff in response to its FOIA request, considering applicable FOIA exemptions and information already in the public sphere. That review was completed, and DOJ and FBI released responsive, nonexempt material subject to FOIA, on July 20, 2018. 589 pages were reviewed and 412 pages were released in whole or in part. It may be possible to narrow or clarify the disputes requiring judicial resolution by meeting and conferring. In order to preserve the resources of the parties and the Court, therefore, Defendant proposes that the parties meet and

confer about which exemptions, if any, Plaintiffs intend to challenge and what the briefing

schedule will be.  Defendants therefore propose that the parties file another joint status report on

or before August 3, 2018, proposing next steps.

Plaintiffs propose first briefing a limited issue regarding "the evidentiary and persuasive

value" of recent tweets by the President "regarding the legitimacy of the redactions."  There is no

reason, however, why Plaintiffs cannot address this issue in the context of upcoming summary

judgment briefing.  FOIA actions are typically resolved on motions for summary judgment, and

the Court considers summary judgment based on information provided in an agency's affidavits

or declarations when they describe "the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.

1981); *see also Laverpool v. HUD*, 2018 WL 2766156 (D.D.C. June 8, 2018).  As part of such

summary briefing, of course, Plaintiffs are free to submit the cited tweets and argue the

relevance, weight or import of these tweets with respect to the specific legal questions posed at

summary judgment and in the context of comprehensive summary judgment declarations

submitted by Defendant.  Indeed, Plaintiff did that in this very case, with respect to previous

tweets and statements, in the first round of summary judgment briefing.  Pls.' Opp'n to Def.'s

Mot. for Summ. Judgment, ECF No. 17, at 5-18.  It would be neither helpful nor efficient to

attempt to brief any issues raised by the recent tweets in the abstract, outside the context of the

particular summary judgment questions at issue:  the applicability of the specific exemptions to

specific documents and/or whether such exemptions have been waived.  The proposed piecemeal

litigation would not serve the interests of the parties or the Court.

## Plaintiffs' Position

The Plaintiffs candidly find themselves stuck between the proverbial rock and a hard place with respect to their report to this Court. Ordinarily speaking, the Plaintiffs would be content to meet and confer with Government counsel and determine a briefing schedule for the filing of dispositive motions to address the Government's production of responsive records.

This is no ordinary FOIA case, however, as the official statements of the President of the United States continue to make clear. This case (along with several others filed both within and outside the D.C. Circuit) helped lead to the first ever lawful disclosure of a FISA warrant through FOIA. Within 48 hours of the public disclosure of the responsive records in this action, however, President Trump described the redactions made within the records as "ridiculous" and recently repeated remarks made by a third party claiming that the classified redactions in particular were done to "…[c]over up misconduct by the FBI and the Justice Department in misleading the Court …". *https://twitter.com/realDonaldTrump/status/1020978929736265729* (last accessed July 23, 2018); *https://twitter.com/realDonaldTrump/status/1021347230022807552* (last accessed July 23, 2018).

These remarks by the ultimate authority within the Executive Branch regarding the good faith and legitimate bases for the redactions made by one of his subordinate agencies raises an unprecedented problem for the parties and this Court to address. Respectfully, how are the Plaintiffs to assess the value of these remarks by President Trump in the context of crafting their opposition to the Government's eventual arguments – made in the form of a summary judgment motion and sworn affidavit(s) – that the redactions were in fact made in good faith and consistent with Federal law? There is admittedly no real precedent to guide the Plaintiffs here in crafting a solution for this Court that deviates from standard FOIA motion practice because – at least as far

as the undersigned are aware – there is no precedent for a sitting President publicly questioning the legitimacy of specific FOIA redactions in a manner similar to what President Trump has just done.

Accordingly, and in the interest of expediting this matter of significant public interest, the Plaintiffs request that this Court order the parties to immediately submit short and concise pleadings outlining to what extent (if any) the President's official statements regarding the legitimacy of the redactions should hold evidentiary and persuasive value as a matter of law. Depending upon the nature of this Court's ruling on that particular matter, it is reasonable to conclude that subsequent briefing in this action could be more narrowly focused and limited in scope.

Dated:  July 24, 2018                                  Respectfully Submitted,

CHAD A.  READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*/s/ Bradley P. Moss*
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite. 200

Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs