**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| THE JAMES MADISON PROJECT, | * | |
| et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 17-597 (APM) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' REPLY IN SUPPORT OF**
**CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

# Table of Contents

ARGUMENT..................................................................................................................... 1

CONCLUSION................................................................................................................. 6

# Table of Authorities

**Cases**

James Madison Project, et al. v. CIA, et al., 2018 U.S. Dist. LEXIS 164935 (D.D.C. Sept. 26, 2018) ................................................................................................................... 4

James Madison Project, et al. v. Dep't of Justice, et al., 2018 U.S. Dist. LEXIS 152807 (D.D.C. Sept. 7, 2018) ........................................................................................... 4

James Madison Project, et al. v. Dep't of Justice, et al., 302 F. Supp. 3d 12 (D.D.C. 2018) ................................................................................................................................. 5

James Madison Project, et al. v. Dep't of Justice, et al., Civil Action No. 17-144 (D.D.C.)(APM) ..................................................................................................... 4

Landmark Legal Found. v. EPA, 959 F. Supp. 2d 175 (D.D.C. 2013) ............................... 6

New York Times Co. v. CIA, 314 F. Supp. 3d 519 (S.D.N.Y. 2018) ................................. 3

United States v. Valencia, 2018 U.S. Dist. LEXIS 200564 (W.D. Tex. Nov. 27, 2018) ... 2

**Other Authorities**

*https://www.cnn.com/2018/02/09/politics/democratic-memo-white-house-response/index.html* (last accessed December 12, 2018) ................................................. 4

*https://www.vox.com/2018/2/24/17048764/schiff-memo-nunes-read-full-text-pdf* (last accessed December 12, 2018) ........................................................................... 4

*https://www.whitehouse.gov/briefings-statements/statement-press-secretary-34/* (last accessed December 12, 2018) ..................................................................... 2, 3

This FOIA action was brought by the plaintiffs, The James Madison Project and Brad Heath (hereinafter referred to jointly as the "Plaintiffs"), to secure the release of records memorializing Foreign Intelligence Surveillance Court ("FISC") applications, orders and minimization procedures targeting President Donald J. Trump ("President Trump") and his personal, business and campaign associates. Presently before this Court are competing dispositive motions addressing the appropriateness of the withholdings and redactions made by the defendant, Department of Justice ("DOJ"), to the 598 pages of responsive records that were processed and (mostly) released.

This reply brief is necessarily limited only to the Plaintiffs' arguments regarding which they are seeking summary judgment by way of their Cross-Motion for Partial Summary Judgment ("Cross-Motion"). See Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment at 8-14 (Dkt. #41)(filed November 9, 2018)("Plaintiffs' Memo"). Specifically, this brief will only address the extent to which President Trump has already ordered the declassification of 21 pages of responsive records the U.S. Government is nonetheless seeking to justify withholding in part.

For the reasons set forth in detail below, this Court should grant the Plaintiffs' Cross-Motion or, alternatively, authorize limited discovery.

## **ARGUMENT**

In their Cross-Motion, the Plaintiffs outlined the facts surrounding the official declassification order ("the Order") issued by President Trump on September 17, 2018. Plaintiffs' Memo at 3-4. The Plaintiffs further detailed how President Trump's tweets on

September 21, 2018, were insufficient to conclude the Order had been rescinded or otherwise stayed pending a separate investigation by the Office of the Inspector General ("OIG"). Id. at 4-8.

In its opposition, see Defendant's Combined Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and Reply in Support of Defendant's Motion for Summary Judgment at 2-5 (Dkt. #43)(filed November 30, 2018), the Government takes the surprising position that the Order was never actually a declassification order in the first place or, alternatively, that it was rescinded by President Trump's tweets on September 21, 2018. This assertion cannot hold up to scrutiny.

As an initial matter, there is no logical basis for the Government's assertion, see id. at 3, that the Order is merely a statement from the Press Secretary. The White House Press Secretary speaks *for* the President and the "statement" in question was not reflecting her views or opinions but rather memorializing the written instructions of the President. See *https://www.whitehouse.gov/briefings-statements/statement-press-secretary-34/* (last accessed December 12, 2018)(using such language as "the President has directed" and "President Donald J. Trump has directed"). Nor is it immediately clear why – as a matter of law – a separate order would be required reciting the exact same thing outlined in the "statement" from the Press Secretary. See United States v. Valencia, 2018 U.S. Dist. LEXIS 200564, *18 (W.D. Tex. Nov. 27, 2018)(concluding that nothing beyond the president's tweets was needed to legally demonstrate Matthew Whitaker had been appointed by President Trump as the acting Attorney General of the United States in compliance with the legal restrictions imposed by 5 U.S.C. § 3346).

Furthermore, this is not comparable to a situation where the President was merely speaking off-the-cuff and discussing information that might itself be classified. See New York Times Co. v. CIA, 314 F. Supp. 3d 519, 527-530 (S.D.N.Y. 2018)(rejecting argument that President Trump's tweets and public remarks, on their own, could declassify information absent some separate indication he was actually seeking to provide for declassification). To the contrary, the Order made it unequivocally clear that the President was directing the two relevant agencies – the Office of the Director of National Intelligence ("ODNI") and the DOJ – to provide for "…[t]he *immediate declassification* of the following materials: (1) pages 10-12 and 17-34 of the June 2017 application to the FISA court in the matter of Carter W. Page …". *https://www.whitehouse.gov/briefings-statements/statement-press-secretary-34/* (last accessed December 12, 2018)(emphasis added). There is no ambiguity in the instructions memorialized in the Order. It does not direct the agencies to conduct a review and determine *if* those pages can be declassified. It explicitly orders that they be declassified *immediately*.[1]

If President Trump merely was instructing the agencies to conduct a classification review of the 21 specific pages ("the Pages"), he was more than capable of and aware how to make that distinction clear. In February 2018, the White House Counsel's Office informed the House Permanent Select Committee on Intelligence ("HPSCI") that President Trump had ordered ODNI and DOJ "to *assess* the declassification request" made by HPSCI with respect to a February 5, 2018, classified memorandum (known as

---

[1] The Government's peripheral remark, see Def's Memo at 5, that declassification of the Pages would not necessarily require "additional disclosures" is a red herring. The Plaintiffs did not argue and are not arguing that the Order would override otherwise valid and non-classification redactions applied to the Pages. That has no bearing on the question of whether the Order is valid and in effect, thus necessitating the removal of Exemption 1 (at a minimum) as a legal basis for those redactions.

the "Schiff Memo"). See *https://www.cnn.com/2018/02/09/politics/democratic-memo-white-house-response/index.html* (last accessed December 12, 2018).[2] No similar caveat was included in the Order here: it very clearly stated that President Trump was ordering the declassification of the Pages immediately, not asking ODNI and DOJ to assess the possibility of declassification. See also Dkt. #31-1 (filed February 2, 2018) (correspondence from White House Counsel's Office to HPSCI stating President Trump was authorizing declassification of separate memo known as "Nunes Memo").

The remainder of the Government's argument relies upon the two-part tweet from September 21, 2018, as the basis to claim President Trump ultimately ceased any implementation of the Order. See Def's Memo at 3-4. Here the Government is a victim of its own past success in FOIA litigation – including litigation brought by the undersigned before this Court – with respect to just how exacting President Trump's remarks must be prior to being afforded official value and weight. The courts have been unequivocally clear that they will apply strict matching and specificity criteria to President Trump's unconventional public remarks in the context of FOIA. See, e.g., James Madison Project, et al. v. CIA, et al., 2018 U.S. Dist. LEXIS, 164935, *22 (D.D.C. Sept. 26, 2018); James Madison Project, et al. v. Dep't of Justice, et al., 2018 U.S. Dist. LEXIS 152807,

---

[2] After completion of that assessment, a redacted version of the Schiff Memo was ultimately released to the public. *https://www.vox.com/2018/2/24/17048764/schiff-memo-nunes-read-full-text-pdf* (last accessed December 12, 2018); see also James Madison Project, et al. v. Dep't of Justice, et al., Civil Action No. 17-144 (D.D.C.)(APM), Dkt. #41-1 (correspondence from DOJ indicating that declassification determinations were made in compliance with president's instructions to conduct assessment).

*23 (D.D.C. Sept. 7, 2018); James Madison Project, et al. v. Dep't of Justice, et al.,

302 F. Supp. 3d 12, 35 (D.D.C. 2018).[3]

The September 21, 2018, two-part tweet simply does not meet the standard of

specificity regarding which the Government itself established in those past rulings. The

Government appears to even concede that point, noting that the tweets are "ambiguous in

a number of respects, and do not precisely identify which documents related to the Russia

probe are at issue." See Def's Memo at 4. That is, as the saying goes, "the whole kit and

caboodle".

The Government has not provided this Court with any evidentiary basis to conclude

that the documents referenced by President Trump in the September 21, 2018, two-part

tweet are the Pages specifically identified in the Order. If the Government wishes to

provide this Court with clarification of the president's tweets, it is free to do so but at this

point it has provided no such information for this Court to consider.

At a minimum, and as previously outlined by the Plaintiffs, see Plaintiffs' Memo at 8-

10, the ambiguity that even the Government concedes exists regarding the nature and

status of the Order warrants limited discovery. The Government's histrionics

notwithstanding, see Def's Memo at 6-7, discovery would not jeopardize separation of

powers principles because the Plaintiffs are not seeking discovery targeted at

---

[3] Not surprisingly, the Government spilled a considerable amount of ink in its pleading, see Def's Memo at 8-11, contending President Trump's criticism of the redactions does not qualify as evidence of bad faith because the president's tweets were "generalized, vague allegations of misconduct based on no personal knowledge". See id. at 9. There is significant tension between the Government's argument that President Trump's ambiguous tweets are sufficient to demonstrate the Order has been rescinded and its subsequent argument *in the same pleading* that different arguably ambiguous tweets from President Trump can not qualify as evidence of agency bad faith.

President Trump himself or his advisors at the White House. The limited discovery sought by the Plaintiffs, see Plaintiffs' Memo at 9, is directed at the defendant agency, DOJ, and the records and information it has in its possession (if any) outlining instructions received from the White House regarding implementation of the Order. Those types of records would themselves be subject to FOIA and are the very type that the courts have previously permitted to be sought in the context of FOIA discovery. See e.g., Landmark Legal Found. v. EPA, 959 F. Supp. 2d 175, 184 (D.D.C. 2013) (authorizing limited discovery into e-mail practices of senior agency personnel).

It may ultimately come to pass that the Government can demonstrate as a matter of law and fact that the Order is no longer in effect with respect to the Pages. The existing factual record, however, in no way reflects that to be the case.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Cross-Motion for Partial Summary Judgment should be granted or, alternatively, limited discovery should be granted.

Date: December 20, 2018

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs

7