UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | No. 17-cv-00597-APM |

DEFENDANT'S SUPPLEMENTAL MEMORANDUM

Pursuant to the Order dated May 17, 2019, this supplemental memorandum is submitted to explain how the conclusion of the Special Counsel investigation affects Defendant's pending summary judgment motion.  During the briefing of this summary judgment motion, there was an ongoing, acknowledged official investigation related to the Russian government's efforts to interfere in the 2016 presidential election.  *See generally* Defs.' MSJ, ECF No. 40.  Specifically, the Department had acknowledged a national security investigation of "the Russian government's efforts to interfere in the 2016 presidential election[, including] the nature of any links between individuals associated with the Trump campaign and the Russian government and whether there was any coordination between the campaign and Russia's efforts [and] an assessment of whether any crimes were committed."  *See* The Washington Post, *Full transcript: FBI Director James Comey testifies on Russian interference in 2016 election* (Mar. 20, 2017), https://www.washingtonpost.com/news/post-politics/wp/2017/03/20/full-transcript-fbi-director-james-comey-testifies-on-russian-interference-in-2016-election/?utm_term=.b9f19a0cf9cf; 3rd Hardy Decl., ECF No. 40-1 ¶ 14 & n.3.  The investigation into Russian election interference was placed under the direction of Special Counsel Robert Mueller.  *See* Office of the Dep. Att'y

General, Order No. 3915-2017, Appointment of Special Counsel to Investigate Russian Interference with the 2016 Presidential Election and Related Matters (May 17, 2017), https://www.justice.gov/opa/press-release/file/967231/download; 3rd Hardy Decl. ¶ 16. And it was ongoing when the Defendant moved for summary judgment. This ongoing investigation was the premise of Defendant's Exemption 7(A) assertions.

In March 2019, the Special Counsel's Office issued its final report to the Attorney General, concluding its work. Fourth Declaration of David M. Hardy, ¶ 6. Thereafter, Defendant notified the Court that it was "evaluating the impact, if any, of the conclusion of the Special Counsel's work in this investigation on this litigation." Dkt. No. 46. On May 17, 2019, Defendant notified the Court that it had "preliminarily assessed that no further disclosures are likely to be appropriate at this time" but that Defendant was "still evaluating, however, the extent to which Exemption (b)(7)(A) continues to apply to at least some of the withholdings (that were also taken on the basis of one or more other exemptions)." Dkt. 48. By Minute Order on the same day, the Court directed Defendant to file any necessary supplement to Defendant's summary judgment record on or before June 28, 2019.

Defendant's pending motion for summary judgment relied in part on Exemption 7(A), which permits the withholding of information compiled for law enforcement purposes, to the extent that the production could reasonably be expected to interfere with ongoing enforcement proceedings. 5 U.S.C. § 552(b)(7)(A)). Defendant relied on Exemption 7(A) as one basis for a portion of its "partial Glomar" response, Defs.' MSJ, at 36-37, and also relied on 7(A) as one basis for several categories of redactions in the acknowledged Carter Page FISA materials, *id*. at 20-22, 30-31.

With respect to the partial Glomar response, Defendant refused to confirm or deny the existence of responsive documents based on Exemptions 1, 3, 7(A), and 7(E), with limited exceptions. *See* Defs.' MSJ 5-8, 32-37; 3rd Hardy Decl., ¶¶ 26-27. Plaintiffs conceded the propriety of the partial Glomar response in their opposition, and it continues to be justified in its entirety by Exemptions 1, 3, and 7(E). *Id; see also* 3rd Hardy Decl. ¶¶ 147-63, 170-72. Accordingly, there is no further information appropriate for release. 4th Hardy Decl. ¶ 9.

With respect to the Carter Page FISA materials, Defendant invoked Exemption 7(A) as one basis to justify certain categories of redactions, as well as to withhold in full certain portions of those documents. Defs.' MSJ 20-22, 30-31; 3rd Hardy Decl. ¶¶ 74-91, 135-41. Based on a re-review of the responsive FISA records, Defendant has determined that Exemption 7(A) has expired as to all instances where it was cited as a basis for withholding information. 4th Hardy Decl. ¶ 8. However, in each instance where Exemption 7(A) was cited, one or more other FOIA Exemptions were also asserted. Accordingly, the expiration of Exemption 7(A) has not resulted in any additional, segregable information being available for release. *Id*.

Accordingly, Defendant has determined that no further disclosures are appropriate at this time, and the Court should grant summary judgment for the reasons set forth in the briefing.

Dated: June 28, 2019                                        Respectfully Submitted,

                                                            HASHIM MOOPPAN
                                                            Principal Deputy Assistant Attorney General

                                                            MARCIA BERMAN
                                                            Assistant Director, Federal Programs Branch

                                                            */s/Amy E. Powell*
                                                            AMY E. POWELL
                                                            Trial Attorney, Federal Programs Branch
                                                            Civil Division, Department of Justice
                                                            310 New Bern Avenue, Suite 800
                                                            Federal Building

Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT and )
BRAD HEATH, USA Today, )
)
Plaintiffs, )
)
v. ) Civil Action No. 17-cv-0597
)
DEPARTMENT OF JUSTICE, )
)
Defendant. )

## FOURTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division (RMD), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act (FOIA) policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 244 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and

information pursuant to the FOIA as amended by the OPEN Government Act of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (2010), and the preparation of declarations in support of Exemption (b)(1) claims under the FOIA. I have been designated by the Attorney General of the United States as an original classification authority, and a declassification authority pursuant to Executive Order 13526 §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiffs' FOIA request that is the subject of this lawsuit.

(4) This declaration is being submitted in further support of DOJ's motion for summary judgment filed on October 19, 2018, *see* ECF No. 40, and in conjunction with DOJ's reply in support of that motion/response to plaintiffs' cross motion for partial summary judgment, *see* ECF No. 41. It supplements and incorporates by reference my three previous declarations in this case as well as the Declaration of Michael G. Seidel. *See* ECF No. 13-3, Declaration of David M. Hardy (hereafter "First Hardy Decl."), submitted in support of DOJ's withdrawn motion for summary judgment (ECF No. 13); ECF No. 34-1, Second Declaration of David M. Hardy (hereafter "Second Hardy Decl."), submitted in support of DOJ's Joint Status

Report (ECF No. 34); ECF No. 40-1, Third Declaration of David M. Hardy (hereafter "Third Hardy Decl."), submitted in support of DOJ's renewed motion for summary judgment (ECF No. 40)[1]; and ECF No. 43-2, Declaration of Michael G. Seidel, submitted in support of DOJ's reply in support of its renewed motion for summary judgment (ECF No. 40).[2]

(5)    The FBI notes that in response to the FBI's renewed motion for summary judgment, plaintiffs conceded the propriety of its partial Glomar response and did not challenge the legal or factual basis for FBI's withholdings of information in the records it processed in this case, other than certain (b)(1) withholdings on 21 pages of the fourth application for surveillance of Carter Page submitted to the Foreign Intelligence Surveillance Court ("FISC") under the Foreign Intelligence Surveillance Act ("FISA") (and the corresponding pages in the other three applications). *See* ECF No. 42. Specifically, plaintiffs did not challenge the FBI's assertion of Exemption (b)(7)(A).

(6)    In March 2019, the Special Counsel's Office issued its final report to the Attorney General, concluding its work. Thereafter, Defendant notified the Court that it was "evaluating the impact, if any, of the conclusion of the Special Counsel's investigation on this litigation." ECF No. 46. On May 17, 2019, Defendant notified the Court that it had "preliminarily assessed that no further disclosures are likely to be appropriate at this time" but that Defendant was "still evaluating, however, the extent to which Exemption (b)(7)(A) continues to apply to at least some of the withholdings (that were also taken on the basis of one or more other exemptions)." ECF

---

[1] The Third Hardy Decl. is classified. The version filed on the public docket at ECF No. 40-1 is a redacted, unclassified version.

[2] The Seidel Declaration addressed the impact of plaintiffs' submission of a privacy waiver executed by Carter Page on certain withholdings under Exemptions (b)(6) and (b)(7)(C).

No. 48. Later the same day, the Court directed Defendant to file any necessary supplement to Defendant's summary judgment record on or before June 28, 2019.

(7) Accordingly, the FBI re-reviewed the four Carter Page FISA applications and the resulting FISC orders processed and released in response to plaintiffs' FOIA request (as well as many others).

(8) Based on the FBI's re-review of the responsive FISA records in this case, it has concluded that Exemption (b)(7)(A) has expired as to all instances where it was cited as a basis for withholding information in the four Carter Page FISA applications and resulting FISC orders. However, in each instance where Exemption (b)(7)(A) was cited, one or more other FOIA Exemptions were also asserted. Accordingly, the expiration of Exemption (b)(7)(A) has not resulted in any additional, segregable information being available for release.

(9) Finally, the FBI also issued a partial Glomar response to plaintiffs' FOIA request, based on FOIA Exemptions (b)(1), (b)(3), (b)(7)(A), and (b)(7)(E). As previously noted, plaintiffs conceded the propriety of that response in their opposition to Defendant's renewed motion for summary judgment. Accordingly, the FBI's partial Glomar response remains proper regardless of the applicability of Exemption (b)(7)(A).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June, 2019.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia