**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, et al.,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | |
| ) | Case No. 17-597-APM |
| UNITED STATES DEPARTMENT OF JUSTICE,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant United States Department of Justice ("DOJ") hereby moves for summary judgment pursuant to Fed. R. Civ. P. 56(b) and Local Rule 7(h) for the reasons stated in the previously submitted memoranda of points and authorities, statement of material facts, and supporting declarations and exhibits, and in the *ex parte*, *in camera* submission, as well as the attached supplemental memorandum of points and authorities, supplemental statement of material facts, and declaration.

Dated:  August 30, 2019

Respectfully Submitted,

HASHIM MOOPPAN
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

*Attorneys for Defendants*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-597-APM |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**SUPPLEMENTAL STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

As required by Local Civil Rule 7(h)(1), and in support of the Renewed Motion for Summary Judgment, Defendants hereby make the following supplemental statement of material facts as to which there is no genuine issue. This is intended to supplement the previously filed statement and other summary judgment materials.

40. DOJ has not received at any time a declassification order related to the materials remaining at issue in this case. *See* Declaration of G. Bradley Weinsheimer, dated August 30, 2019, ¶¶ 4-5.

41. After the press secretary statement was issued, personnel from the Office of the Deputy Attorney General consulted with personnel in the White House about the matters discussed in that statement, including potential declassification of certain documents related to the Carter Page FISA applications and orders. In connection with those consultations, DOJ was informed that there was no order requiring immediate declassification or disclosure of those documents. *Id*.

42. On May 23, 2019, the President delegated to the Attorney General the authority to declassify documents as part of his ongoing review of intelligence activities relating to the

campaigns in the 2016 Presidential election and certain related matters. To this point, the Attorney General has not exercised that declassification authority over the materials at issue in this case. Weinsheimer Decl. ¶ 5.

43. There is no order, guidance, policy, or other facts that currently prevent the Department from asserting other FOIA Exemptions over the redacted portions of the documents at issue now. *Id*. ¶ 5.

Dated: August 30, 2019                                            Respectfully Submitted,

                                                        HASHIM MOOPPAN
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email: amy.powell@usdoj.gov

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MADISON PROJECT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-597-APM |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Pursuant to the Opinion and Order dated July 30, 2019, ECF No. 51 (hereinafter, the "Opinion"), Defendant United States Department of Justice ("DOJ") submits this supplemental memorandum in support of its renewed motion for summary judgment. The Court raised questions about whether, as a factual matter, the President had declassified or ordered disclosure of 21 pages of the acknowledged Carter Page FISA materials, and directed DOJ to submit a declaration regarding whether those pages were declassified and whether the agency is authorized to continue to assert other exemptions with respect to these pages. The Supplemental Declaration of G. Bradley Weinsheimer, dated August 30, 2019, establishes that the President has not ordered the declassification or disclosure of these pages. Defendant is therefore entitled to summary judgment.

### BACKGROUND

The procedural background of this matter is set forth fully in previous filings, which are fully incorporated here, *see* ECF Nos. 40, 43, 46, 48, 49, and summarized in the Opinion, *see* ECF No. 51. Defendant will not repeat all of this background here, but in general, this matter arises from FOIA requests submitted to the Federal Bureau of Investigation ("FBI") and DOJ's

National Security Division ("NSD") on March 6, 2017, in which Plaintiffs sought records related to specific individuals and organizations allegedly subject to surveillance under the Foreign Intelligence Surveillance Act ("FISA"). *See* Third Declaration of David Hardy, dated October 19, 2018, ECF No. 40-1, ¶ 6 (citing 1st Hardy Decl., ECF No. 13-3, ¶ 5 & Exhibit A (FOIA Request)); Declaration of Patrick N. Findlay, dated October 19, 2018, ECF No. 40-3, ¶ 4 & Exhibit A (FOIA Request). DOJ maintained a Glomar response in part, but NSD and the FBI searched for the acknowledged FISA applications and orders related to Carter Page. On July 20, 2018, DOJ and the FBI released all responsive, non-exempt and reasonably segregable information subject to FOIA – releasing 412 pages with redactions and withholding 186 pages in full. 3rd Hardy Decl. ¶¶ 4, 134-35; Findlay Decl. ¶¶ 9-12; *see also* https://vault.fbi.gov/d1-release/d1-release. As set forth in previous filings, the 412 released pages reflect information properly redacted under Exemptions 1, 3, 6, 7(A), 7(C), 7(D), 7(E). The withheld in full pages from the FISA applications and orders were properly withheld pursuant to Exemptions 1, 3, 7(A) and 7(E).

As set forth in the Opinion, "Defendant's continued redaction of 21 of the 412 pages is the sole contested issue in the parties' cross-motions for summary judgment." Opinion, at 2. This issue arises because of a White House press secretary statement that the President had "directed" ODNI and DOJ "to provide for the immediate declassification of . . . pages 10-12 and 17-34 of the June 2017 application to the FISA court in the matter of Carter W. Page." *Id.*; *see also* Press Release, White House Press Secretary (Sept. 17, 2018), https://www.whitehouse.gov/briefings-statements/statement-press-secretary-34/. The press release was followed by two tweets from the President's twitter account:

> I met with the DOJ concerning the declassification of various UNREDACTED documents. They agreed to release them but stated that so doing may have a perceived negative impact on the Russia probe. Also, key Allies' called to ask

>not to release. Therefore, the Inspector General . . . has been asked to review these documents on an expedited basis. I believe he will move quickly on this (and hopefully other things which he is looking at). In the end I can always declassify if it proves necessary. Speed is very important to me - and everyone!

https://twitter.com/realDonaldTrump/status/1043146627576258561;

https://twitter.com/realDonaldTrump/status/1043148165883416576.

DOJ explained that the press secretary statement was not a declassification order, that it was superseded by the subsequent tweets, that DOJ was not aware of any other presidential declassification order, and that in any event, DOJ could redact the same information on the basis of other exemptions, regardless of whether or not they were classified. Def.'s Combined Mem. in Opp'n to Pls.' Mot. for Summ. J. & Reply in Supp. of Def.'s Mot. for Summ. J., ECF No. 44 at 3. The Court found that it could not grant summary judgment because of two ambiguities in the record. First, the Court explained that because of the press secretary statement, the burden was on DOJ to establish that the President did not declassify these pages. Opinion at 3 & n.4. The Court found that DOJ did not meet this burden because it did not provide in its declarations (as opposed to its legal argument) "clarification about what instructions the Department of Justice received concerning the 'declassification' of the Pages' contents." *Id*. at 5. Thus, the Court could not "find that Defendant's withholding of information from the Pages was proper under FOIA Exemption 1." *Id*.

Second, the Court found that, in light of the press release, there was also a "genuine dispute of material fact about the agency's authority" to invoke other Exemptions because even though the press release only speaks about "declassification," the Court questioned why the President would have ordered declassification only to have the same material withheld under another FOIA exemption. *Id*. at 6.

In light of these ambiguities, the Court denied the parties' cross-motions for summary judgment and invited Defendant to renew its motion and file a supplemental declaration explaining: "(1) the effect, if any, the Press Release and the President's subsequent tweets (including the meeting referenced in the tweets) had on the classification status of the Pages, and (2) whether the agency is authorized to assert Exemptions 7(D) and 7(E) to shield portions of the Pages from disclosure." Opinion, at 6.

## ARGUMENT

### I. The President Did Not Order Declassification or Disclosure of the Information at Issue.

With this memorandum, DOJ submits a declaration from G. Bradley Weinsheimer, an Associate Deputy Attorney General in the Office of the Deputy Attorney General ("ODAG"). The Weinsheimer Declaration addresses the issues raised in the Opinion, and confirms in a sworn declaration DOJ's previous explanations. As explained there, "DOJ did not receive a declassification order related to the materials at issue in this case. After the press secretary statement was issued, ODAG personnel, including me [Mr. Weinsheimer], consulted with personnel at the White House about the matters discussed in that statement, including potential declassification of certain documents related to the Carter Page FISA applications and orders." Weinsheimer Decl. ¶ 4. Mr. Weinsheimer explains that "[i]n connection with those consultations, DOJ was informed that there was no order requiring immediate declassification or disclosure of those documents." *Id*. ¶ 5. "DOJ also did not receive any order to declassify the materials at issue in this case during the meeting the President referenced in his tweet, or at any time." *Id*.[1]

---

[1] Nor has the Attorney General declassified these materials: "On May 23, 2019, the President delegated to the Attorney General the authority to declassify documents as part of his ongoing review of intelligence activities relating to the campaigns in the 2016 Presidential election and

3

DOJ maintains that the press release describing a direction to "provide for immediate declassification" was ambiguous at best. *See Poulsen v. Dep't of Def.*, 373 F. Supp. 3d 1249, 1279 (N.D. Cal. 2019) ("The President's September 2018 'declassification' directive was not an 'order' from the President covering this material, just a statement from the White House asking the executive agencies to undertake a review and further justify the redactions."); ECF 43, at 3-4. The President has previously clearly declassified and disclosed information when he wished to do so. *See, e.g.,* 3rd Hardy Decl. ¶ 19 (describing declassification of the Nunes Memorandum); February 2, 2018 Letter from White House Counsel, https://intelligence.house.gov/uploadedfiles/memo_and_white_house_letter.pdf (explaining that memorandum was declassified "in light of the significant public interest in the memorandum," and attaching the memorandum for public release).  DOJ has now clarified, however, that DOJ did not receive a declassification order with respect to the Carter Page FISA pages either before or after the press secretary statement.  Although the President did delegate declassification authority to the Attorney General, to date, the Attorney General has not exercised that declassification authority to declassify the materials remaining at issue in this case. Weinsheimer Decl. ¶ 5.

DOJ is therefore entitled to summary judgment on its Exemption 1 withholdings.

## II.     DOJ Has Properly Asserted Other Exemptions as Well.

The press secretary statement does not affect the applicability of other exemptions, and redactions based on other exemptions continue to be proper as well, including Exemptions 3, 6 and 7(C), 7(D), and 7(E). ECF No. 43, at 5.  The Court acknowledged that the press secretary statement only refers to declassification, not other applicable FOIA exemptions, but questioned

---

certain related matters.  To this point, the Attorney General has not exercised that declassification authority over the materials at issue in this case." Weinsheimer Decl. ¶ 5.

4

why the President would order declassification if the agency could just rely on other exemptions to withhold the same material. Opinion at 6. As an initial matter, declassification without disclosure to the public could be done to facilitate broader information sharing within the Executive Branch, with Congress, and with other governmental entities and partners, or to facilitate future public disclosure when other claimed exemptions expire or fall by the wayside. In any event, Mr. Weinsheimer answers the Court's question of whether the agency is authorized to assert other exemptions over the pages by attesting that he is "not aware of any order, guidance, policy, or other facts that would prevent the Department from asserting other FOIA Exemptions over the redacted portions of the documents at issue here." Weinsheimer Decl. ¶ 5.

Defendants further note that the Opinion misidentified the exemptions remaining at issue in addition to Exemption 1, which are not limited to 7(D) and 7(E). Although those remain at issue in these pages, Exemptions 3, 6 and 7(C) remain at issue as well. The Court assumed that Exemption 3 "is predicated entirely on Exemption 1," but that is not the case. Opinion at 3 n.3. In asserting Exemption 3, DOJ relied on Section 102A(i)(1) of the National Security Act of 1947, as amended (now codified at 50 U.S.C. § 3024(i)(1)), which requires the Director of National Intelligence to "protect intelligence sources and methods from unauthorized disclosure." Invocation of the National Security Act therefore shares one factual predicate with Exemption 1, which was invoked specifically with respect to intelligence sources and methods. *See* 3rd Hardy Decl. ¶ 69 ("Those same intelligence sources and methods [protected by Exemption 1] are also exempt here under Exemption (b)(3). Specifically, their disclosure is prohibited pursuant to the National Security Act of 1947, as amended."). But sharing a factual predicate does not mean that Exemption 3 hinges on whether the information meets the Exemption 1 requirements and is actually classified. The declassification of information protected by Exemption 1 would not make that information any less about intelligence sources

5

and methods, does not automatically authorize disclosure, and would not remove the protections of the National Security Act.  Nothing in the press release, tweets, or any other public statement even suggests that the redacted information would not disclose intelligence sources and methods. And it is well settled that Exemption 3 and the National Security Act provide broader protection for intelligence sources and methods than Exemption 1, which has additional requirements.  *See generally CIA v. Sims*, 471 U.S. 159, 167 (1985); *Gardels v. CIA*, 689 F.2d 1100, 1106-07 (D.C. Cir. 1982).

Moreover, DOJ continues to protect the private information of individuals who are not Carter Page.  FBI asserted Exemptions 6 and 7(C) to protect private information of four categories of individuals; this assertion was withdrawn only with respect to information about Carter Page.  *See* 3rd Hardy Decl. ¶¶ 92-111 (invoking 6 and 7(C) with respect to other individuals as well); ECF No. 43 at 12 (explaining that the privacy waiver from Carter Page means that the FBI cannot claim Exemptions 6 and 7(C) over Carter Page's private information). A review of the coded redactions on the pages at issue shows that at least one of these categories remains at issue in these specific pages – a third-party source coded as (b)(6)-4 on p. 23 of the June 2017 FISA application.  *See* https://vault.fbi.gov/d1-release/d1-release (p. 314 of the release pdf); 3rd Hardy Decl. ¶ 34 (explaining codes), ¶¶ 110-11 (explaining these redactions).

Accordingly, the Court should grant the Defendant's renewed motion for summary judgment on the grounds of other exemptions as well.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the briefing on Defendants' most recent motion for summary judgment, the Court should grant the Government's renewed motion for summary judgment.

Dated:  August 30, 2019                                         Respectfully Submitted,

HASHIM MOOPAN
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT, *et al.*,

*Plaintiffs,*

v.

DEPARTMENT OF JUSTICE,

*Defendant.*

No. 17-cv-00597-APM

## DECLARATION OF G. BRADLEY WEINSHEIMER

I, G. Bradley Weinsheimer, do hereby state and declare as follows:

1. I am an Associate Deputy Attorney General in the Office of the Deputy Attorney General ("ODAG"), United States Department of Justice ("DOJ" or the "Department"). I have held this position since July 2018. I served in the National Security Division from March 2016 to July 2018, serving as acting Chief of Staff to the Assistant Attorney General from May 2016 until approximately February 2018. I have worked at DOJ since 1991. While I did not directly work on or supervise the Department's investigation into Russia's interference in the 2016 presidential election (Russia investigation), I have worked on issues relating to disclosure of Russia investigation documents both to Congress and pursuant to Freedom of Information Act (FOIA) requests. In addition, I am familiar with discussions in the Executive Branch concerning declassification of certain documents relating to the Russia investigation.

2. In the course of my official duties, I became familiar with the above-captioned litigation and the underlying FOIA request, as well as the existence of other similar requests. This declaration is based upon personal knowledge as well as information provided to me in the course of my official duties.

3. I am familiar with the Statement of the White House Press Secretary dated September 17, 2018, available at https://www.whitehouse.gov/briefings-statements/statement-press-secretary-34/ (press secretary statement), as well as subsequent tweets of the President, referenced in the parties' summary judgment briefing in this matter.

4. DOJ did not receive at any time a declassification order related to the materials remaining at issue in this case. After the press secretary statement was issued, ODAG personnel, including me, consulted with personnel at the White House about the matters discussed in that statement, including potential declassification of certain documents related to the Carter Page FISA applications and orders.

5. In connection with those consultations, DOJ was informed that there was no order requiring immediate declassification or disclosure of those documents. DOJ also did not receive any order to declassify the materials remaining at issue in this case during the meeting the President referenced in his tweet, or at any time. *See* July 30, 2019 Mem. Op. & Order (ECF No. 51) at 4. On May 23, 2019, the President delegated to the Attorney General the authority to declassify documents as part of his ongoing review of intelligence activities relating to the campaigns in the 2016 Presidential election and certain related matters. To this point, the Attorney General has not exercised that declassification authority over the materials at issue in this case. I am not aware of any order, guidance, policy, or other facts that would prevent the Department from asserting other FOIA Exemptions over the redacted portions of the documents at issue here.

3

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed this 30th day of August, 2019, at Washington, D.C.

_____
G. Bradley Weinsheimer

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, et al., )<br>  )<br>  Plaintiffs, )<br>  )<br>v. )<br>  )<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>  )<br>  Defendant. )<br>  ) | Case No. 17-597-APM |

**[PROPOSED] ORDER ON DEFENDANT'S**
**RENEWED MOTION FOR SUMMARY JUDGMENT**

Having considered the submissions of the parties, the Court hereby ORDERS that the Defendant's Renewed Motion for Summary Judgment is GRANTED.

_____
U.S. DISTRICT COURT JUDGE