**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 17-597 (APM) |
| DEPARTMENT OF JUSTICE | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL INFO**

NOW COME the Plaintiffs, The James Madison Project and Brad Heath, to respectfully provide notice to this Court that on January 23, 2020, the U.S. Foreign Intelligence Surveillance Court ("FISC") released a declassified Order Regarding Handling and Disposition of Information ("Order"), dated January 7, 2020. See Exhibit "1". The Order responds to information the Department of Justice ("DOJ") has provided to the FISC regarding material misstatements and omissions identified by the DOJ Office of Inspector General with respect to the FISA applications targeting Carter Page that are at issue in the present case. The Order specifically notes DOJ has indicated that two of the FISA applications submitted to the FISC "were not valid". Id.

Date: January 23, 2020

Respectfully submitted,

/s/

_____________________________

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs

# EXHIBIT 1

Unclassified
~~SECRET//NOFORN~~

Filed
United States Foreign
Intelligence Surveillance Court

JAN 0 7 2020

LeeAnn Flynn Hall, Clerk of Court

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT

WASHINGTON, D.C.

| IN RE CARTER W. PAGE, A U.S. PERSON | Docket Nos: 16-1182, 17-52, 17-375, 17-679 |
|---|---|

## ORDER REGARDING HANDLING AND DISPOSITION OF INFORMATION

Thanks in large part to the work of the Office of the Inspector General, U.S. Department of Justice, the Court has received notice of material misstatements and omissions in the applications filed by the government in the above-captioned dockets. *See* Docket No. Misc. 19-02, Order (Dec. 17, 2019; DOJ OIG, *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation* (Dec. 2019 (revised)). DOJ assesses that with respect to the applications in Docket Numbers 17-375 and 17-679, "if not earlier, there was insufficient predication to establish probable cause to believe that [Carter] Page was acting as an agent of a foreign power." *Additional Rule 13(a) letter regarding applications submitted to the Court targeting Carter W. Page in Docket Numbers 2016-1182, 2017-0052, 2017-0375, and 2017-0679* (Dec. 9, 2019), at 19 ("December 9, 2019 Letter").

The government further reports that the FBI has agreed "to sequester all collection the FBI acquired pursuant to the Court's authorizations in the above-listed four docket numbers targeting [Carter] Page pending further review of the OIG Report and the outcome of related investigations and any litigation." *Id.* at 19-20. The government has not described what steps are involved in such sequestration or when it will be completed. It has, however, undertaken to "provide an update to the Court when the FBI completes the sequestration" and to "update the Court on the disposition of the sequestered collection at the conclusion of related investigations and any litigation." *Id.* at 20. To date, no such update has been received.

The Court understands the government to have concluded, in view of the material misstatements and omissions, that the Court's authorizations in Docket Numbers 17-375 and 17-679 were not valid. The government apparently does not take a position on the validity of the authorizations in Docket Numbers 16-1182 and 17-52, but intends to sequester information acquired pursuant to those dockets in the same manner as information acquired pursuant to the subsequent dockets.

Title I of the Foreign Intelligence Surveillance Act, codified as amended at 50 U.S.C. §§ 1801-1813, governs electronic surveillance conducted for foreign intelligence purposes. It requires minimization procedures "that are reasonably designed . . . to minimize the acquisition and retention, and prohibit the dissemination, of nonpublicly available information concerning

~~SECRET//NOFORN~~





unconsenting United States persons consistent with the need of the United States to obtain, produce, and disseminate foreign intelligence information." 50 U.S.C. § 1801(h)(1). It also makes it a crime to "intentionally . . . disclose[ ] or use[ ] information obtained under color of law by electronic surveillance, knowing or having reason to know that the information was obtained through electronic surveillance not authorized" by FISA or another "express statutory authorization." § 1809(a)(2). [REDACTED]

In order for the Court to assess whether the handling and disposition of the information acquired pursuant to the above-captioned dockets comport with these provisions of FISA, IT IS HEREBY ORDERED as follows:

1. By January 28, 2020, the government shall make a written submission regarding the FBI's handling of information obtained pursuant to the above-captioned dockets. That submission shall include:

a. a detailed description of the steps taken or to be taken to restrict access to such information in unminimized form, including how many personnel have access and for what purposes they may examine or retrieve it;
b. a detailed description of the steps taken or to be taken to restrict access to such information in any other form, including any information that may have been disclosed or disseminated to DOJ prosecutors or other persons outside of the FBI;
c. to the extent applicable, a timetable for completing any such steps that have not yet been completed;
d. explanations of the "further review of the OIG Report" and "related investigations and any litigation" that are referenced in the December 9, 2019, Letter as requiring the retention of such information, including copies of any orders of other courts relating to the preservation of, or access to, such information; and
e. an explanation of why the retention of such information in the manner intended by the government, and any contemplated use or disclosure of it, comport with the above-referenced provisions of FISA; and

2. In order to facilitate consideration of whether the Court should publish this Order pursuant to FISC Rule of Procedure 62(a), the government shall, by January 21, 2020, complete a declassification review of this order and submit to the Court a copy of such order with any redactions it would propose in the event of publication.

ENTERED this 7th day of January 2020.

/s/
JAMES E. BOASBERG
Presiding Judge, United States
Foreign Intelligence Surveillance Court

FISC, certify that this document is a true and correct copy of the original.
[REDACTED]