**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | * | |
| THE JAMES MADISON PROJECT, | * | |
| et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 17-597 (APM) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' PARTIAL MOTION FOR RECONSIDERATION**

## BACKGROUND

The Plaintiffs, The James Madison Project ("JMP") and Brad Heath ("Heath") (hereinafter referred to jointly as "Plaintiffs"), bring this partial Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e)("Rule 59(e) Motion") and with respect to this Court's Memorandum Opinion, issued on March 3, 2020 ("2020 Opinion"). See The James Madison Project v. Dep't of Justice, 2020 U.S. Dist. LEXIS 36303 (D.D.C. Mar. 3, 2020).

In its 2020 Opinion, this Court granted summary judgment to the defendant, Department of Justice ("DOJ"), with respect to two issues: (1) the 21 pages of DOJ's original production that the Plaintiffs argued had been declassified by way of the press release issued on behalf of President Donald J. Trump (hereinafter referred to as the "Declassification Dispute"); and (2) the appropriateness of the redactions and withholdings applied to the production as a whole ("Remaining Pages"). Id.[1] It is only the latter issue that is the subject of this Rule 59(e) Motion. With all due respect, it is the Plaintiffs' contention that this Court erred in its determination the Plaintiffs had conceded or otherwise abandoned their opportunity to contest the redactions and withholdings in the Remaining Pages.

For the reasons outlined below, this Court should grant the Rule 59(e) Motion, vacate in part its 2020 Opinion with respect to the Remaining Pages and issue a supplemental memorandum opinion adjudicating the appropriateness of the redactions and withholdings in the Remaining Pages. DOJ opposes the Plaintiff's requested relief.

---

[1] To clarify, there were 412 pages of records that DOJ released in whole or in part as part of this action, and 186 pages that were withheld in their entirety. See Dkt. No. 42 at *3 (filed November 9, 2018). Only 21 pages were at issue in the competing cross-motions for summary judgment regarding the Declassification Dispute. Id. at *4.

**ARGUMENT**

Motions to alter or amend a judgment under Rule 59(e) lie within the discretion of the Court. See Mercy Gen. Hosp. v. Azar, 410 F. Supp. 3d 63, 70 (D.D.C. 2019). Although Rule 59(e) motions are "disfavored", and the movant party bears the burden of establishing "extraordinary circumstances" warranting relief, see Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001), such motions can be granted if there is a need to correct a clear error or prevent manifest injustice. See Anyanwutaku v. Moore, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998); see also Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)(applying "abuse of discretion" standard for appellate review of a denial of a Rule 59(e) motion). A motion for reconsideration under Rule 59(e) can only be filed after the court's entry of a final judgment, and the filing of a proper motion under Rule 59(e) stops the appeal clock until after the motion is decided. See Cobell v. Jewell, 802 F.3d 12, 19 (D.C. Cir. 2015).

With due respect, this Court's 2020 Opinion – which was a final, appealable order – includes a clear error that requires correction by way of this Rule 59(e) Motion.

Subsequent to the release (in part) of the 412 pages (as well as withholding in full of the other 186 pages) at issue in this action, DOJ filed a Motion for Summary Judgment ("2018 Motion").[2] See Dkt. No. 40 (dated October 19, 2018). In the 2018 Motion, DOJ argued that information had been redacted and/or withheld in full in reliance upon Exemptions 1, 3, 6, 7(A), 7(C), 7(D) and 7(E). See id. at *15-*32. In their memorandum in opposition to the 2018 Motion, and separate and distinct from their cross-motion

---

[2] These pages were not implicated by the Government's continued refusal to confirm or deny the existence or non-existence of *other responsive records*. See Dkt. No. 40 at *32. That "Glomar response" is no longer in dispute.

regarding the Declassification Dispute, the Plaintiffs outlined the basis for their argument

that summary judgment was not warranted with respect to the Government's redactions

and/or withholdings of the Remaining Pages. See Dkt. No. 42 at *10-*14 (filed

November 9, 2018). Specifically, the Plaintiffs alleged that the public statements of

President Donald J. Trump had called into question the good faith bases of the

Government's redactions and/or withholdings. Id. The Government responded to these

arguments in its reply brief in support of their 2018 Motion. See Dkt. No. 43 at *8-*12

(filed November 30, 2018).

   In a Memorandum Opinion, issued July 30, 2019, this Court focused on the

Declassification Dispute, and specifically noted that the 21 pages were the "sole

contested issue in the parties' cross-motions for summary judgment". See The James

Madison Project v. Dep't of Justice, 2019 U.S. Dist. LEXIS 126575 at *2 (D.D.C.

Jul. 30, 2019)("2019 Opinion"). With the benefit of hindsight, and particularly given this

Court's confusion expressed in the 2020 Opinion, the Plaintiffs realize that they may

have misconstrued the nature of this Court's meaning with that sentence. As a simple

factual matter, this Court's statement was accurate, as the 21 pages *were* the extent of the

Declassification Dispute that required competing cross-motions for summary judgment.

Consequently, the Plaintiffs believed in good faith that this Court's decision to rule only

upon that narrow matter, and ultimately require supplemental briefing to resolve the

Declassification Dispute, was a practical decision by this Court to address the more

abstract and novel constitutional question surrounding presidential declassification before

returning to and ultimately addressing the properly-briefed matter of the Remaining

Pages.

Again, with hindsight, it may have been advisable for the Plaintiffs to have more forcefully sought clarification from this Court after the issuance of the 2019 Opinion. However, it was arguably reasonable for the Plaintiffs to have construed the 2019 Opinion in the manner in which they did, especially since the parties had still properly briefed out the legal issue surrounding the Remaining Pages in their respective pleadings. There was no identifiable reason for the Plaintiffs to have concluded that this Court believed the *only* issue left in this action was the Declassification Dispute.

Furthermore, the Plaintiffs respectfully dispute the rationale by which this Court interpreted the Plaintiffs' statements in their prior pleadings. This Court stated in its 2020 Opinion that it concluded the *only* issue remaining in this action was the Declassification Dispute based upon the Plaintiffs' statement they had "confined their Cross-Motion for Partial Summary Judgment ("Cross-Motion"), as well as their Memorandum in Opposition to the Defendant's Motion for Summary Judgment, strictly to the legal appropriateness of the redactions and withholdings made to the documents that have been produced as part of this litigation." See The James Madison Project, 2020 U.S. Dist. LEXIS 36303 at *9. With all due respect, that statement in no way stipulates to the idea that the 21 pages subject to the Declassification Dispute were all that remained at issue. The Plaintiffs' statement clearly outlined how their challenges, as outlined in the cross-motion and the memorandum in opposition, concerned the redactions and withholdings "made to the documents that have been produced as part of this litigation." Id.

There were 412 pages produced (in whole or in part), and 186 pages withheld in their entirety, as part of this litigation: not merely the 21 pages at issue in the Declassification Dispute. The Plaintiffs properly and distinctly addressed the narrow Declassification

Dispute in a partial cross-motion for summary judgment, while also separately addressing the legal appropriateness of the redactions and withholdings made to the entirety of Government's production in their memorandum in opposition. See Dkt. No. 41 at *3-*7 (filed November 9, 2018)(cross-motion); Dkt. No. 42 at *10-*14 (memorandum in opposition). The Plaintiffs did exactly what they were supposed to do given the different legal issues before them: they cross-moved for summary judgment in their favor with respect to the Declassification Dispute, which they argued was a strictly legal matter, and they opposed the Government's summary judgment pleading regarding the redactions and withholdings to the Remaining Pages, as they were only contending that the Government had not yet met its burden warranting that relief.

It is unclear what more this Court expected the Plaintiffs to have done in this situation.[3] Given the reasonable interpretation by the Plaintiffs of the meaning of this Court's 2019 Opinion, the Plaintiffs only addressed the Declassification Dispute in the subsequent pleadings both parties filed in 2019 and that were adjudicated by this Court in its 2020 Opinion. The Plaintiffs had no reasonable basis to conclude this Court had, for all intents and purposes, overlooked the dispute over the Remaining Pages.

Respectfully, these circumstances more than sufficiently meet the standard of "clear error" that warrant granting the Plaintiffs' Rule 59(e) Motion. See Firestone, 76 F.3d at 1209. This is not a situation where the Plaintiffs are seeking to relitigate an adjudicated matter, see Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 (D.D.C. 2011), as the Plaintiffs are not seeking a second bite at the proverbial apple. The Plaintiffs merely seek a supplemental memorandum opinion adjudicating the legal

---

[3] To the best of the undersigned's recollection, there were no status conferences or hearings in this matter subsequent to the parties filing their respective pleadings in 2018.

dispute surrounding the Remaining Pages that the parties both properly briefed back in 2018 and that the Plaintiffs reasonably believed had been held in abeyance pending resolution of the Declassification Dispute.

It was clearly erroneous for this Court to construe that issue as conceded or abandoned given the existence of properly filed pleadings by both parties, and this Court should grant the Plaintiffs' Rule 59(e) Motion as a result.

## CONCLUSION

For the foregoing reasons, this Court should grant the Rule 59(e) Motion, vacate in part its 2020 Opinion with respect to the Remaining Pages and issue a supplemental memorandum opinion adjudicating the appropriateness of the redactions and withholdings in the Remaining Pages.

Date: March 13, 2020

Respectfully submitted,

/s/

_____
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 17-597 (APM) |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of the Plaintiffs' Partial Motion for Reconsideration, and the entire record herein, it is this _____ day of _____ 2020, hereby

ORDERED, that plaintiffs' Motion is granted; and

ORDERED, that this Court's Memorandum Opinion, issued March 3, 2020, is vacated in part.

_____
UNITED STATES DISTRICT JUDGE