**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES MADISON PROJECT, et al., ) | |
|    ) | |
|   Plaintiffs, ) | |
|    ) | |
| v. ) | |
|    ) | Case No. 17-597-APM |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
|    ) | |
|   Defendant. ) | |
|    ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

**INTRODUCTION**

The Court should reject the Plaintiffs' belated attempt to resurrect arguments they previously abandoned. The Court's July 2019 conclusion that the "sole contested issue" was the disputed pages allegedly declassified was a reasonable reading of Plaintiffs' submissions at the time. *See* Dkt. 51 ("July 2019 Op."). And Plaintiffs thereafter abandoned the argument by failing to raise it in response to Defendants' renewed motion for summary judgment. In any event, Plaintiffs have had ample opportunity since July 2019 to correct the record or seek reconsideration but failed to do so. Finally, to the extent the Court entertains Plaintiffs' request for adjudication of the other pages, it can do so in summary fashion –the Government's declarations were more than adequate to meet Defendants' burden with respect to the remaining pages.

**BACKGROUND**

The Court fully set forth the background of this FOIA case in its July 2019 Opinion and in the Final Opinion issued March 3, 2020. *See generally* Dkt. 51, 62. In brief, Plaintiffs sought documents related to alleged FISA surveillance of the Trump Campaign. *Id*. Defendant DOJ moved for summary judgment as to both its partial Glomar response, and its processing and

release of the redacted FISA applications and orders related to Carter Page. *Id.* Plaintiffs' opposition and cross-motion argued primarily: (1) that 21 pages had been declassified by the President; and (2) that the Government's redactions lacked a good faith basis. *See* Dkt. 41, 42. The first argument relied on a White House press release related to those specific 21 pages, and on posts on the President's twitter feed. *See* Dkt. 42, at 4-10. The latter argument was made vaguely, without reference to particular redactions or even the declarations, instead relying on additional tweets by the President, *id.* at 10-14, and it was unclear whether Plaintiffs were challenging the sufficiency of the Government's case only with respect to the 21 pages at issue in (1). The Government responded to both arguments. *See* Dkt. 43. Plaintiffs' reply brief focused narrowly only on the 21 disputed pages, and mentioned the "bad faith" argument only in passing in support of its position as to the 21 pages. *See* Dkt. 45, at 5 n.3.

      The Court interpreted Plaintiffs' argument as narrowed to the twenty-one pages that Plaintiffs argued were declassified. In the July 2019 opinion, the Court referred to these 21 pages at the "sole contested issue" and denied summary judgment solely on the basis of the lack of information about the alleged declassification. Dkt. 51. The Court denied both motions for summary judgment, but allowed Defendant to submit a renewed motion and an additional declaration. *Id.* Defendants filed a new motion for summary judgment that incorporated previous filings by reference, *see* Dkt. 52, and that motion was fully briefed, *see* Dkt. 53, 55. The parties then filed additional notices and reports with the Court, including about the ongoing declassification review of the FISA applications. *See* Dkt. 56, 57, 60, 61.[1] In their response to

---

[1] As set forth in Defendant's status report, DOJ has not yet completed its subsequent declassification review of the Page FISA applications as a result of the OIG Report, but that review does not affect this Court's review of the previously made redactions. *See* Dkt. 57. The review is likely to be further extended as a result of the response to the COVID-19 pandemic, including the temporary suspension of operations at the FBI's Record/Information Dissemination Section, which is coordinating review of these records.

Defendant's status report about that ongoing review, Plaintiffs raised for the first time (as a "housekeeping matter") their position that the July 2019 Opinion was wrong and that they never abandoned their claim for the other pages beyond the 21 pages that were the focus of the Plaintiffs' first round of briefing. *See* Dkt. 60.

On March 3, 2020, the Court granted Defendant's renewed motion for summary judgment. *See* Dkt. 62. With respect to Plaintiffs' "housekeeping matter," the Court explained:

> Plaintiffs had every opportunity to oppose and cross-move as to any and all issues raised in Defendant's original motion for summary judgment, or as to any other issue they wished. They chose instead to contest only one discrete issue. Plaintiffs cannot now revive what they long ago abandoned.

Dkt. 62, at 6-7. Plaintiffs now bring this motion to reconsider that conclusion, arguing that they never intended to abandon their claim for the remainder of the pages processed in response to their FOIA request.

## ARGUMENT

**I.     Reconsideration is an Extraordinary Remedy.**

Rule 59(e) is an "extraordinary measure" permitting reconsideration of a final judgment. *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). "Under Rule 59(e), the court may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'" *Id*. (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc.*, 881 F.3d at 217 (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008). It is "not a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs LLP v. Chevron*

3

*Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012); *Koch v. Clayton*, No. 12-CV-01934 (APM), 2017 WL 2389921, at *1 (D.D.C. June 1, 2017) ("The moving party may not rely on a Rule 59(e) motion to present facts or argument upon which the court has already ruled or to present for the first time arguments or theories that could and should have been raised previously.").

"To constitute 'clear error' within the meaning of Rule 59(e), courts have required 'a very exacting standard.'" *Slate v. Am. Broad. Companies, Inc.,* 12 F. Supp. 3d 30, 35 (D.D.C. 2013). "[T]o be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)). Similarly, manifest injustice "does not exist where ... a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004). "[M]anifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013), aff'd, 782 F.3d 9 (D.C. Cir. 2015).

## II.     Plaintiffs Have Not Shown Clear Error in the March 2020 Opinion.

Plaintiffs cannot show error, much less "clear error" or "manifest injustice," because the Court correctly concluded that Plaintiffs abandoned these arguments about the other pages long ago. It is, at best, questionable as to whether Plaintiffs *ever* made an argument that Defendants' submissions were inadequate beyond the 21 disputed pages. The "bad faith" argument was separately treated in Plaintiffs' briefs on summary judgment, see Dkt. 41, 42, at 10-14 (in both briefs), but it was not clear whether the alleged "bad faith" applied to all records at issue or just the 21 pages in the previous section. In reply, Plaintiffs seemed to clarify, or perhaps to narrow their arguments – they failed to answer any of the arguments made by Defendants in response to

4

the "bad faith" argument and focused exclusively on the 21 pages. Dkt. 47. It is thus entirely reasonable that the Court concluded, in July 2019, that the "sole contested issue" was the redactions in the 21 disputed pages mentioned in the White House press release. Dkt. 51, at 2.

Even if that is incorrect, and Plaintiffs never intended to so narrow their claims during the briefing prior to July 2019, the Court certainly reasonably concluded that Plaintiffs' failure to raise the alleged error immediately after July 2019, or even in response to the renewed motion to dismiss, was sufficient to constitute abandonment. On August 30, 2019, Defendant moved for summary judgment as to all issues in the case; if this were truly an issue, Plaintiffs should have raised it then in opposition. But they mention those pages only in a confusing footnote. *See* Dkt. 53, at 2 n.2 ("This Court has not yet ruled on the extent to which DOJ's remaining redactions and/or withholdings that the Plaintiffs are challenging were appropriate as a matter of law."). The statement in that footnote is incorrect; the Court had already identified the 21 pages as the "sole contested issue." Dkt. 51, at 2. And a footnote is not to sufficient to preserve the alleged issue that was explained, for the first time in supplemental briefing on tangential issues, nearly six months after the supposed error, and after substantive briefing was completed on the renewed motion. *See* Dkt. 62, at 7 (citing *Hayes v. District of Columbia*, 923 F. Supp. 2d 44, 51 (D.D.C. 2013) (treating a claim as conceded when the plaintiff did not "specifically dispute the defendant's argument" regarding the claim in her opposition); *Valles-Hall v. Ctr. For Nonprofit Advancement*, 481 F. Supp. 2d 118, 140 (D.D.C. 2007) (deeming abandoned claims not raised by the plaintiff in her revised opposition to the defendant's summary judgment motion); *Brodie v. Burwell*, No. 15-322 (JEB), 2016 WL 3248197, at *14 (D.D.C. June 13, 2016) (treating as abandoned a claim that a party only mentions "in passing" in his opposition motion)).

Plaintiffs' explanation to the contrary is unconvincing. They explain their belief that "this Court's decision to rule only upon that narrow matter, and ultimately require supplemental

briefing to resolve the Declassification Dispute, was a practical decision by this Court to address the more abstract and novel constitutional question surrounding presidential declassification before returning to and ultimately addressing the properly-briefed matter of the Remaining Pages." Dkt. 64, at 3.  But that theory finds no support in the July 2019 opinion, which specifically identifies that 21 pages as the "sole contested issue in the parties' cross-motions for summary judgment." Dkt. 51, at 2.  Plaintiffs could not have plausibly read that statement as a "practical" decision to resolve the declassification issue first.  And Defendant's renewed motion for summary judgment was clearly made for complete summary judgment, not partial summary judgment as to a narrow issue.  Dkt. 52.  Nor does Plaintiffs' theoretical bifurcated handling of the case make any sense because the propriety of the redactions as to other pages does not turn upon the declassification issue.  In any case, even if Defendant is incorrect, and Plaintiffs' confusion was perfectly reasonable, the Court did not commit "clear error" under Rule 59(e).  Defendants moved for summary judgment as to all issues in August 2019, and Plaintiffs did not raise this issue in response.   It is accordingly abandoned.

Plaintiffs also express confusion as to "what more this Court expected the Plaintiffs to have done in this situation." Dkt. 64, at 5.  But Plaintiffs could have moved to reconsider the July 2019 opinion, or at a minimum, they could have raised this issue in response to Defendant's renewed motion for summary judgment.  They did not.  And the Court has not committed clear error by refusing to allow the claim's resurrection.

### III.    Defendants Are Entitled to Summary Judgment.

Even if the Court were to reach the issue, Defendants are entitled to summary judgment.  Plaintiffs' vague complaints that the Defendants' declarations may have been made in bad faith are insufficient to raise a genuine dispute of material fact.  *See generally* Dkt. 41, 42, at 10-14.  As set forth in Defendant's opposition, agency declarants are entitled to a presumption of good

faith, and Plaintiffs failed to challenge any particular statement in the Hardy or Findlay declarations. *See generally* Dkt. 43, at 8-12. Rather, even in their own motion for summary judgment, Plaintiffs have wholly conceded the applicability of the government's claimed exemptions in general. Plaintiffs cannot therefore manufacture an issue of material fact as to the processing in general by relying on generalized, vague allegations based on no personal knowledge. In their motion for summary judgment, Plaintiffs relied on two tweets that they claim reflect the President's criticism of the redactions, but these vague and nonspecific tweets, based on no personal knowledge and not commenting on the precise issues presented to the Court, are insufficient to overcome the presumption. Dkt. 43, at 9-11. Accordingly the Court's decision granting summary judgment for the Government was entirely correct.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion for reconsideration.

Dated: March 26, 2020                              Respectfully Submitted,

ETHAN P. DAVIS
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email: amy.powell@usdoj.gov