# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE JAMES MADISON PROJECT, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-597 (APM) |
| DEPARTMENT OF JUSTICE, | * * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' REPLY IN SUPPORT OF
## PARTIAL MOTION FOR RECONSIDERATION

The Plaintiffs, The James Madison Project ("JMP") and Brad Heath ("Heath") (hereinafter referred to jointly as "Plaintiffs"), brought this pending partial Motion for Reconsideration to correct a clear error by this Court in its Memorandum Opinion, issued on March 3, 2020 ("2020 Opinion"). See The James Madison Project v. Dep't of Justice, 2020 U.S. Dist. LEXIS 36303 (D.D.C. Mar. 3, 2020). Specifically, the Plaintiffs maintain it would be manifestly unjust to conclude the Plaintiffs abandoned or otherwise conceded their arguments regarding the appropriateness of the redactions and/or withholdings applied to the production of 598 records in this case (the "Remaining Pages"). See Dkt. No. Dkt. No. 64 at *2 (filed March 13, 2020).

The defendant, Department of Justice ("DOJ"), opposes Plaintiffs' motion, arguing the Plaintiffs did not sufficiently articulate in prior pleadings that the Plaintiffs were maintaining challenges to records beyond the 21 pages subject to the Plaintiffs' declassification argument. See Dkt. No. 65 at *3-*6. Alternatively, the Government contends that summary judgment remains warranted on the merits of their redactions and/or withholdings. Id. at *6-*7.

Put simply, the Government's arguments fail to hold water.

Contrary to the Government's claims, see id. at *4-*5, the Plaintiffs made it *explicitly* clear in their original opposition pleading in 2018 they were challenging the Remaining Pages, and particularly doing so in reliance upon the "bad faith" defense that can undermine agency affidavits. See, e.g., Dkt. No. 42 at *10 ("In the event this Court concludes that the Order is not in effect or otherwise has no legal relevance to the current pleadings, the Plaintiffs nonetheless respectfully submit that summary judgment still is not warranted at this time with respect to the various redactions and withholdings made to

the responsive records processed and released by the Government."); id. at *11 ("[T]he Government made no effort to proactively address the 'bad faith' suggestions made by President Trump in the wake of the release of the responsive records in this FOIA action."); id. at *12 ("In the present case, the Plaintiffs can more than sufficiently demonstrate the existence of evidence coming from the highest government authority – namely, President Trump – casting doubt on the good faith bases for the redactions and withholdings made by the Government."); id. at *12-*13 (citing to specific public comments by President Trump casting doubt on the good faith basis for the government's redactions and/or withholdings); id. at *14 ("All three of these factors are relevant evidentiary considerations that conflict with and contradict the good faith bases for the Government's redaction and withholdings.").

The Government's suggestion, see Dkt. No. 65 at *4, the Plaintiffs should have further elaborated on the bad faith defense in the Plaintiffs' subsequent reply brief *in support of their cross-motion for partial summary judgment* is nonsensical. The Plaintiffs limited their arguments in that reply brief only to the declassification dispute implicating 21 particular pages because that was the full scope of the Plaintiffs' cross-motion: the Plaintiffs did not cross-move for summary judgment regarding the appropriateness of DOJ's redactions and/or withholdings of the Remaining Pages because they were not making the argument they were entitled to summary judgment on that issue. Rather, the Plaintiffs were only arguing that there existed a genuine issue of material fact in dispute regarding the Remaining Pages, see Dkt. No. 42 at *14, and contended that summary judgment therefore was not yet warranted *on that issue*. Had the Plaintiffs sought to substantively supplement their reply brief with arguments about the Remaining Pages,

something regarding which they were *not* cross-moving for summary judgment, DOJ would have been justified in moving to strike those parts of the Plaintiffs' reply brief as an improper attempt to file a sur-reply in opposition to DOJ's motion for summary judgment without first seeking leave of this Court. See Ki Sun Kim v. United States, 840 F. Supp. 2d 180, 191 (D.D.C. 2012)("The Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply.").

The Government's arguments the Plaintiffs should have raised this discrepancy subsequent to this Court's July 30, 2019, Memorandum Opinion ("2019 Opinion"), see Dkt. No. 65 at *5, fare no better. The Plaintiffs already explained not only the good faith rationale for their conclusion this Court was holding in abeyance ruling on summary judgment concerning the Remaining Pages, but also how they had not had any real opportunity (outside of peripheral remarks and footnotes) to remind this Court that the issue of the Remaining Pages remained unresolved. See Dkt. No. 64 at *3-*5. The Government does little to rebut those explanations beyond suggesting the Plaintiffs should have raised their concern about the discrepancy in response to DOJ's summary judgment pleadings regarding the declassification dispute. See Dkt. No. 65 at *5-*6.

This suggestion lacks merit, and arguably would have resulted in a motion to strike from the Government if the Plaintiffs had actually attempted it. The 2019 Opinion only addressed the declassification dispute, and DOJ's renewed summary judgment pleadings only addressed the declassification dispute. See Dkt. No. 52 (filed August 30, 2019). If the Plaintiffs had done anything more than what they did – noting in a footnote that this

Court has still yet to rule on the issue of the Remaining Pages – it could have been viewed as seeking to include arguments that were beyond the scope of the pending dispositive motion, and potentially stricken as improper or immaterial. See Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec., 999 F. Supp. 2d 61, 78 (D.D.C. 2013).

In the alternative, the Government argues they are entitled to summary judgment anyway for the reasons they originally outlined in their 2018 pleadings. See Dkt. No. 65 at *6-*7. The Plaintiffs refer this Court back to their own opposition pleading from 2018, see Dkt. No. 42, outlining why summary judgment was not yet warranted and indeed remains unwarranted regarding the Remaining Pages. The Plaintiffs have no need to spill additional digital ink on this matter that was already fully and properly briefed out.

For the foregoing reasons, this Court should grant the Rule 59(e) Motion, vacate in part its 2020 Opinion with respect to the Remaining Pages and issue a supplemental memorandum opinion adjudicating the appropriateness of the redactions and withholdings in the Remaining Pages.

Date: March 30, 2020

                                          Respectfully submitted,

                                              /s/
                                       _____
                                       Bradley P. Moss, Esq.
                                       D.C. Bar #975905
                                       Mark S. Zaid, Esq.
                                       D.C. Bar #440532
                                       Mark S. Zaid, P.C.
                                       1250 Connecticut Avenue, N.W.
                                       Suite 700
                                       Washington, D.C. 20036
                                       (202) 454-2809
                                       (202) 330-5610 fax
                                       Brad@MarkZaid.com
                                       Mark@MarkZaid.com

                                       Attorneys for the Plaintiffs