# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **THE JAMES MADISON PROJECT, et al.,** | ) ) ) |  |
| **Plaintiffs,** | ) ) |  |
| v. | ) ) ) | Case No. 17-cv-00597 (APM) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) ) ) ) |  |
| **Defendant.** | ) ) ) |  |

## ORDER

In its Memorandum Opinion entered on March 3, 2020, the court found that Plaintiffs had abandoned any challenge to those portions withheld from the remaining 391 pages of the Carter Page FISA warrant application. *See* Mem. Op., ECF No. 62, at 6–7. Plaintiffs now ask the court to reconsider that decision, asserting that they in fact challenged those withholdings and the court simply did not reach their argument. *See* Pls.' Partial Mot. for Recons., ECF No. 64. Having re-reviewed both rounds of the parties' summary judgment briefs, the court agrees with Plaintiffs. They did contest the withholdings made to the 391 pages in their opposition to Defendant's initial motion for summary judgment. *See* Pls.' Opp'n to Def.'s Mot. for Summ. J., ECF No. 42 [hereinafter Pls.' Opp'n], at 10–14. And, although Plaintiffs merely noted that challenge in a footnote in response to Defendant's renewed motion for summary judgment, *see* Pls.' Opp'n to Def.'s Renewed Mot. for Summ. J., ECF No. 53, at 2 n.2—Plaintiffs would have done better to highlight their argument in the text—the court nevertheless will consider the challenge preserved. The court therefore proceeds to the merits.

Plaintiffs argue that the court should reject Defendant's withholdings from the 391 pages, because two tweets from the President "cast[] doubt on the good faith bases for the redactions and withholdings made by the Government." *See* Pls.' Opp'n at 12.  In the first, the President tweeted: "Congratulations to @JudicialWatch and @TomFitton on being successful in getting the Carter Page FISA documents.  As usual they are ridiculously heavily redacted but confirm with little doubt that the Department of 'Justice' and FBI misled the courts.  Witch Hunt Rigged, a Scam!"[1]  In the second tweet, he stated:  "It was classified to cover up misconduct by the FBI and the Justice Department in misleading the Court by using this Dossier in a dishonest way to gain a warrant to target the Trump Team.  This is a Clinton Campaign document.  It was a fraud and a hoax designed to target Trump...."[2]  Neither tweet causes the court to doubt the agency's declarations in this case.

The President's tweets amount to little more than "[a] mere assertion of bad faith [that] is not sufficient to overcome a motion for summary judgment." *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting *Assassination Archives & Research Ctr. v. CIA*, 177 F.Supp.2d 1, 8 (D.D.C. 2001)).  Although Plaintiffs tout that the tweets "come[] from the highest governmental authority," Pls.' Opp'n at 12, neither tweet reveals any personal knowledge on the part of the President with respect to the actual withholdings and the exemptions invoked.  *Cf. James Madison Project v. Dep't of Justice*, 302 F. Supp. 3d 12, 35 (D.D.C. 2018) ("But it does not follow that just because a tweet is an 'official' statement of the President that its substance is necessarily grounded in information contained in government records.").  The President's statement that the disclosed records are "ridiculously heavily redacted" does not undermine the validity of the declarants' invocation of Exemptions 1 and 3.  And his insistence

---

[1] Donald J. Trump (@realDonald Trump), TWITTER (July 22, 2018, 6:28 AM), https://twitter.com/realDonaldTrump/status/1020978929736265729 (last visited May 4, 2020).
[2] Donald J. Trump (@realDonald Trump), TWITTER (July 23, 2018, 6:52 AM), https://twitter.com/realDonaldTrump/status/1021347230022807552 (last visited May 4, 2020).

that the records were "classified to cover up government misconduct" is unsupported and, without more, cannot overcome the national security justifications put forward in the detailed affidavits submitted by Defendant. *See Am. Civil Liberties Union v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011) ("Because courts lack the expertise necessary to second-guess such agency opinions in the typical national security FOIA case, we must accord substantial weight to an agency's affidavit concerning the details of the classified status of [a] disputed record." (cleaned up)).

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, ECF No. 64, is granted, and Defendant's Motions for Summary Judgment, ECF Nos. 40, 52, are granted as to the remaining 391 pages of the Carter Page FISA application.

This is a final, appealable order.

Dated: May 4, 2020

Amit P. Mehta
United States District Court Judge